# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

EDWARD G. HALL,                                          Civil Action No. 1:05-cv-006

     Petitioner,

                                                    Beckwith, J.
vs.                                                      Hogan, M.J.


SAMUEL A. TAMBI,                                         **REPORT AND**
                                                         **RECOMMENDATION**
     Respondent.


Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus
pursuant to 28 U.S.C. §2254.  On October 17, 2005, the Court adopted the Report and
Recommendation of the undersigned Magistrate Judge recommending that Grounds One, Two
and Four of the petition be dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d),
and that Ground Three of the petition be permitted to proceed. (Doc. 12).  On August 25, 2006,
this Court ordered petitioner to show cause why he is entitled to a stay of these federal court
proceedings to allow petitioner to present the unexhausted claim set forth in Ground Three of the
petition in the state court. (Doc. 17).  On September 13, 2006, petitioner filed his response to the
Court's show cause order. (Doc. 18).  This matter is before the Court on the petition (Doc. 2),
respondent's supplemental return of writ with respect to Ground Three of the petition (Doc. 15),
petitioner's response thereto (Doc. 16), and petitioner's response to the show cause order. (Doc.
18).  For the reasons that follow, the undersigned recommends that Ground Three of the petition
be dismissed.

**I. Procedural History.**

Petitioner was convicted on September 18, 2002 in the Adams County, Ohio, Court of Common Pleas upon his entry of a guilty plea to one count of felonious assault with an amended one-year firearm specification.[1]  (*See* Doc. 8, Exs. 2-3).  Petitioner was sentenced to consecutive terms of imprisonment of one (1) year for the firearm specification and eight (8) years for the felonious assault offense.  (*Id.*, Ex. 3).

Petitioner did not file an appeal as of right from his conviction and sentence.  Instead, on September 24, 2002, his trial counsel filed a motion to withdraw his plea, which was denied by the trial court on October 9, 2002.  (*See id.,* Exs. 4, 6).  Petitioner also apparently filed a pro se motion for post-conviction relief in the Adams County Common Pleas Court on December 2, 2002, which was denied on December 5, 2002.  (*See id.,* Brief, p. 3; Exs. 7, 9).  It appears from the record presented that petitioner did not take any action to appeal these decisions to the Ohio Court of Appeals.

It also appears from the record that petitioner took no further action to challenge his conviction or sentence until he initiated the instant federal habeas corpus action.  Ground Three of the petition alleges that petitioner was denied his right of appeal in violation of the due process clause.  Petitioner alleges that he "immediately demanded an appeal, and taking advantage of my illiteracy, tricked me into believing an appeal had been filed when in fact it had never been filed."  (Doc. 2, p. 9).  He further alleges that "[l]ater on," the trial judge intervened to prevent him from prosecuting an appeal and refused to allow him "access to the transcript of the sentencing hearing which would have shown that they blat[a]ntly took advantage of my

---

[1]In exchange for the guilty plea, the State agreed to dismiss two other criminal charges against petitioner. (*See* Doc. 8, Ex. 2).

illiteracy and lack of understanding of what was going on."  (*Id.*).

Respondent contends that Ground Three of the petition should be dismissed because it is either unexhausted or procedurally defaulted, or lacking in merit.


## II.  Ground Three of the petition should be dismissed.

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Castille v. Peoples*, 489 U.S. 346, 349 (1989).  If the petitioner fails to fairly present his claims through the state courts, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c).  To fulfill the exhaustion requirement "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," *O'Sullivan,* 526 U.S. at 842, which, in Ohio, includes discretionary review in the state's highest court, the Supreme Court of Ohio.  *See Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).  Where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979).  A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir. 1987).

From the record before this Court, it appears that Ground Three of the petition has not

been exhausted. Although petitioner failed to file a timely appeal, he may still file a motion for delayed appeal pursuant to Ohio Appellate Rule 5(A):

> (1) After the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:
>
>> (a) Criminal proceedings;
>> (b) Delinquency proceedings; and
>> (c) Serious youthful offender proceedings.
>
> (2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and shall file a copy of the notice of the appeal in the court of appeals. The movant also shall furnish an additional copy of the notice of appeal and a copy of the motion for leave to appeal to the clerk of the court of appeals who shall serve the notice of appeal and the motions upon the prosecuting attorney.

Under Ohio law, there is no specific time limit for the filing of a delayed appeal under Rule 5(A) and the decision to grant or deny a motion for leave to file a late appeal is solely within the discretion of the appellate court. *Deitz v. Money*, 391 F.3d 804, 811 (6th Cir. 2004). Thus, it appears that Ground Three of the petition is unexhausted.

Although the Court has previously found that Ground Three of the petition could not be dismissed on statute of limitations grounds (Doc. 12), the time period during which petitioner's federal habeas petition has been pending does not toll the running of the statute of limitations under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181 (2001). Therefore, should this Court dismiss without prejudice Ground Three of the petition on exhaustion grounds, the statute of limitations will bar any attempt by petitioner to re-file his habeas corpus petition.

Rather than dismiss such actions as unexhausted so that the one-year statute of limitations would prevent a petitioner from later presenting his claims in a federal habeas corpus

4

petition, a federal court may, under certain circumstances, stay a federal habeas corpus petition to allow a petitioner to present his unexhausted claims in state court and then return to federal court for review of his petition. *Rhines v. Weber*, 544 U.S. 269 (2005).  In *Rhines*, the United States Supreme Court stated that a district court's discretion to issue stays in habeas cases is circumscribed to the extent it must "be compatible with AEDPA's purposes." 544 U.S. at 276. The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker*, 533 U.S. 167, 179 (2001)).  In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id*. at 276-77 (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).  The Court went on to state:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes.  Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings.  It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Supreme Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse

of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277.  "On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In its Show Cause Order of August 25, 2006, the Court noted that dismissal of Ground Three of the petition without prejudice would impair petitioner's right to obtain federal relief since the statute of limitations period has expired in this case.  Consequently, the Court ordered petitioner to show cause why he is entitled to a stay of these federal court proceedings.  Specifically, the Court directed petitioner to show: (1) good cause for his failure to exhaust his state court remedies before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics.  *See Rhines*, 544 U.S. at 278.  The Court also warned petitioner that if he fails to meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the undersigned would recommend dismissal of Ground Three of the petition. (Doc. 17).

In response to the Court's show cause order, petitioner states:

> The Show Cause Order issued on 8/24/06, signed by Timothy S. Hogan constitutes a dishonour (sic) and admission of the conditions that are assessed as personal income by Edward G. Hall and is in fact the money order payable to the United States Treasury as per the 1040 Payment Voucher herewith enclosed with Money Order.
> The tax assessment made by Edward G. Hall on his 1040-V Tax return accelerates time to maturity all agency/corporate forward sales agreements such as court correspondence, bonds, motions, orders, etc. in this case as a tax loss write-off.  Any delays beyond 3 days (72 hours) is an ex-officio withholding of the taxable income identified in the payment voucher and money order herewith.

> The unlawful detaining of Edward G. Hall is assessed on the 1040 at $35,000,000. (thirty five million dollars).

(Doc. 18 at 1).

Petitioner's response is wholly unresponsive to the show cause order. Petitioner fails to address the issue of good cause for his failure to exhaust his state remedies, the merits of Ground Three of the petition, and the issue of intentional litigation delay. Petitioner has failed to meet his burden of showing that he is entitled to a stay of this habeas corpus proceeding while he exhausts his state court remedies. Accordingly, the Court should decline to stay the petition and should dismiss Ground Three of the petition on the basis of failure of exhaustion.

## IT IS THEREFORE RECOMMENDED THAT:

1. Ground Three of the petition be DISMISSED without prejudice on the basis that petitioner has failed to exhaust the available remedy of a delayed appeal pursuant to Ohio Appellate Rule 5(A).

2. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state remedies and that this case should be dismissed without prejudice.[2]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY

---

[2]Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack,* 529 U.S. at 484.

petitioner leave to appeal *in forma pauperis*.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).


Date:  10/10/2006                    s/Timothy S. Hogan
        KI                           Timothy S. Hogan
                                     United States Magistrate Judge

8

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

EDWARD G. HALL,                                    Civil Action No. 1:05-cv-006
     Petitioner,

                                         Beckwith, J.
     vs.                                           Hogan, M.J.


SAMUEL A. TAMBI,
     Respondent

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254.  Any party may object to the Magistrate Judge's Report and Recommendation within **FIFTEEN (15) DAYS** of the filing date of this R&R.  Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s)  Any response by an opposing party to the written objections shall be filed within **TEN (10) DAYS** after the opposing party has been served with the objections.  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

9

1:05cv6     Doc.19

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 If Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X  ☐ Agent  ☐ Addressee<br>B. Received by ( Printed Name)  C. Date of Delivery |
| 1. Article Addressed to:<br><br>Edward G Hall<br>435-551<br>Hocking Corr. Facility<br>PO Box 59<br>Nelsonville, OH 45764 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br>3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)*  ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7002 0860 0006 5230 5189 |

PS Form 3811, August 2001          Domestic Return Receipt                    102595-02-M-0835