```
             UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

Edward G. Hall,                    :    Case No. 1:05-cv-006
                                   :
    Petitioner,                    :
                                   :
vs.                                :
                                   :
Samuel A. Tambi,                   :
                                   :
    Respondent.                    :


## ORDER ADOPTING REPORT AND RECOMMENDATION

On October 11, 2006, United States Magistrate Judge Timothy S. Hogan issued a Report and Recommendation in this matter. (Doc. 19)  The Magistrate Judge recommended that Ground Three of Petitioner's petition for a writ of habeas corpus be dismissed, because Petitioner did not exhaust his state remedies. Petitioner timely filed an objection to the Report and Recommendation.  (Doc. 20)

Petitioner originally alleged four grounds for relief in his petition.  The Court previously dismissed Grounds One, Two and Four because those claims were time-barred under 28 U.S.C. §2244(d).  (Doc. 12)  On August 25, 2006, the Court ordered Petitioner to show cause why he would be entitled to a stay of this action to allow him to exhaust Ground Three in the Ohio state courts.  (Doc. 17)

Petitioner timely responded to the show cause order (Doc.

-1-

18).  His response labels that order as "a dishonour and admission of the conditions that are assessed as personal income by Edward G. Hall and is in fact the money order payable to the United States Treasury . . .".  Petitioner asserts that some unidentified tax assessment "accelerates time to maturity" and that his unlawful detainer is assessed at $35,000,000.  (Petitioner's underlying conviction had nothing to do with tax assessments or penalties; he pled guilty to felonious assault.)

The Magistrate Judge's Report and Recommendation observes that Petitioner's response is in fact wholly **unresponsive** to the Court's show cause order.  (Doc. 19, p. 7)  There is no dispute that Petitioner's Third Ground for Relief is an unexhausted claim.  Because Petitioner failed to show good cause for his failure to exhaust, and failed to show that he has not engaged in intentionally dilatory litigation tactics, the Magistrate Judge recommends that the petition be dismissed.

Petitioner objects to the Report and Recommendation, asserting that he was unaware of the contents of his response. Petitioner asserts that an unidentified individual at the law library at the correctional facility where he is incarcerated prepared the submission.  Petitioner states that he is illiterate, and only after he received the Magistrate Judge's Report and Recommendation did he realize what this unidentified individual had submitted on his behalf.

The Court notes that the original petition (Doc. 2), Petitioner's response to the supplemental return (Doc. 16), and Petitioner's response to the order to show cause (Doc. 18) are all signed by Petitioner.  His signature on his Petition is notarized, and the Petition contains many of the same type of fantastic allegations that are contained in his response to the show cause order.  Petitioner fails to identify the individual who allegedly prepared and filed the documents on his behalf, or to adequately explain how these pleadings could have been filed without his knowledge.  His excuse is simply not credible.

As required by 28 U.S.C. §636(b) and Federal Rule of Civil Procedure 72(b), the Court has conducted a de novo review of the record in this case.  Upon such review, the Court finds that Petitioner's objections to the Magistrate Judge's Report and Recommendation are not well taken, and his objections are therefore overruled.

It is therefore ordered that Petitioner's petition for a writ of habeas corpus is **DENIED** with prejudice.  A certificate of appealability shall not issue because jurists of reason would not find it debatable whether this Court is correct in its procedural ruling that Petitioner has defaulted his claims.  See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

This Court **CERTIFIES**, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this Order would not be taken in good faith.

Accordingly, Petitioner will not be granted leave to appeal in forma pauperis.  See Fed. R. App. P. 24(a); <u>Kincade v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997).

    **IT IS SO ORDERED.**

DATED: December 5, 2006         <u>s/Sandra S. Beckwith</u>
                                          Sandra S. Beckwith, Chief Judge
                                          United States District Court